IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROSS & BARUZZINI, INC.,

Plaintiff,

v.                                                    12-cv-00152-DRH

THE ESTOPINAL GROUP, LLC,
f/k/a THE ESTOPINAL GROUP, INC.

Defendant.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge**

### I. Introduction and Background

Now before the Court is defendant's motion to dismiss plaintiff's amended complaint (Doc. 35). Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiff fails to state a claim for tortious interference with business expectancy. Plaintiff opposes the motion (Doc. 36). Based on the following, the Court denies the motion.

On July 7, 2012, plaintiff Ross & Baruzzini, Inc. ("R&B") filed a one-count amended complaint against The Estopinal Group, LLC ("TEG"). Both parties are architecture and design firms. Plaintiff's complaint asserts a state law claim of tortious interference with R&B's business expectancy with Sarah Bush Lincoln Health Center ("Sarah Bush"), a nonprofit Illinois

1

hospital. Specifically, R&B alleges that TEG tortiously interfered with R&B's expected business with Sarah Bush by: 1) bringing a "frivolous and bad faith" action against R&B employee Stan Lamaster out of spite or ill will and (2) threatening reprisal against Sarah Bush in the event Sarah Bush continue its business relationship with Lamaster and/or R&B.

According to the complaint, Lamaster was a former employee of TEG. On December 21, 2011, after TEG discovered that Sarah Bush and R&B were in contact regarding architectural services, TEG moved for a temporary restraining order against Lamaster, asserting breach of non-solicitation agreement and other claims. On December 23, 2011, TEG's motion was denied in the Circuit Court of St. Louis County, though it remains pending. Plaintiff asserts that TEG's action was frivolous, as there was no valid contract between Lamaster and TEG, and, moreover, that TEG knew that it was frivolous. On or about January 4, 2012, Sarah Bush notified R&B that it intended to seek a different firm for its architectural needs, expressing concern about TEG's action against Lamaster. Plaintiff requests actual, compensatory, and punitive damages.

## II. Motion to Dismiss Standard

A 12(b)(6) motion challenges the sufficiency of the complaint to state a claim upon which relief can be granted. *Hallinan v. Fraternal Order of Police Chicago Lodge 7*, 570 F.3d 811, 820 (7th Cir.), *cert. denied*, —— U.S. ——, 130 S.Ct. 749, 175 L.Ed.2d 517 (2009). The United States

Supreme Court explained in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), that Rule 12(b)(6) dismissal is warranted if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face."

In making this assessment, the district court accepts as true all well-pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *See* Rujawitz v. Martin, 561 F.3d 685, 688 (7th Cir. 2009); *St. John's United Church of Christ v. City of Chicago,* 502 F.3d 616, 625 (7th Cir. 2007), *cert. denied,* 553 U.S. 1032, 128 S.Ct. 2431, 171 L.Ed.2d 230 (2008).

Even though *Twombly* (and *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)) retooled federal pleading standards, notice pleading remains all that is required in a complaint. "A plaintiff still must provide only 'enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.' " *Tamayo v. Blagojevich,* 526 F.3d 1074, 1083 (7th Cir. 2008). The level of detail the complaint must furnish can differ depending on the type of case before the Court. So for instance, a complaint involving complex litigation (antitrust or RICO claims) may need a "fuller set of factual allegations ... to show that relief is plausible." *Tamayo,* 526

F.3d at 1083, *citing Limestone Dev. Corp. v. Village of Lemont, Illinois,* 520 F.3d 797, 803–04 (7th Cir. 2008).

The Seventh Circuit Court of Appeals has offered further direction on what (post- *Twombly & Iqbal* ) a complaint must do to withstand dismissal for failure to state a claim. In *Pugh v. Tribune Co.,* 521 F.3d 686, 699 (7th Cir. 2008), the Court reiterated: "surviving a Rule 12(b)(6) motion requires more than labels and conclusions;" the allegations must "raise a right to relief above the speculative level." Similarly, the Court remarked in *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir. 2010): "It is by now well established that a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law."

Judge Posner explained that *Twombly* and *Iqbal:*

require that a complaint be dismissed if the allegations do not state a plausible claim. The Court explained in *Iqbal* that "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949. This is a little unclear because plausibility, probability, and possibility overlap....

But one sees more or less what the Court was driving at: the fact that the allegations undergirding a plaintiffs claim could be true is no longer enough to save it. .... [T]he complaint taken as a whole must establish a nonnegligible probability that the claim is valid, though it need not be so great a probability as such terms as "preponderance of the evidence" connote.... After *Twombly* and *Iqbal* a plaintiff to survive dismissal "must plead some facts that suggest a right to relief that is beyond the 'speculative level.' " *In re marchFIRST Inc.,* 589 F.3d 901, 905 (7th Cir. 2009).

*Atkins v. City of Chicago*, 631 F.3d 823, 831–32 (7th Cir. 2011) (emphasis added). *See also Smith v. Medical Benefit Administrators Group, Inc.*, 639 F.3d 277, 281 2011 (Plaintiff's claim "must be plausible on its face," that is, "The complaint must establish a nonnegligible probability that the claim is valid...."). With these principles in mind, the Court turns to plaintiff's complaint.

### III. Analysis

Under Illinois law, to establish a *prima facie* claim for tortious interference with business expectancy, a plaintiff must show: (1) a reasonable expectancy of entering into a valid business relationship; (2) the defendant's knowledge of the expectancy; (3) an intentional and unjustified interference by the defendant that induced or caused a breach or termination of the expectancy; and (4) damage to the plaintiff resulting from the defendant's interference. *Anderson v. Vanden Dorpel*, 667 N.E.2d 1296, 1299 (Ill. 1996); *See also Rock Falls v. Chicago Title & Trust Co.*, 300 N.E.2d 331, 333 (Ill. App. 1973). If the interference complained of does "not rest on some legitimate interest, or if there is sharp dealing or overreaching or other conduct below the behavior of fair men similarly situated, the ensuing loss should be redressed. . . ." *Rock Falls*, 300 N.E.2d at 333 (citing 45 Am.Jur.2d *Interference* § 1).

At issue is whether plaintiff has stated a claim of tortious interference with business expectancy upon which relief can be granted. Specifically, defendant argues that plaintiff has failed to allege conduct sufficient to support a claim of tortious interference. To survive dismissal, a complaint of tortious interference must allege "facts sufficient to demonstrate that defendant acted intentionally and lacked justification," but need not include averments of "any animosity or other manifestations of ill-will between the parties." *Roy v. Coyne*, 630 N.E.2d 1024, 1034 (Ill. App. 1994), (citing *HPI Health Care Serv., Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672 (Ill. 1989)). Moreover, where a "complaint does not assert nor imply that defendants acted pursuant to any privilege while interfering with plaintiffs' business relationships, it is incumbent on *defendants* to justify their actions." *Roy*, 630 N.E.2d at 1034 (emphasis added); *See also Int'l Mktg., Ltd. v. Archer-Daniels-Midland Co., Inc.*, 192 F.3d 724, 731 (7th Cir. 1999).

Assuming plaintiff's assertions to be true and drawing all reasonable inferences in its favor, the Court concludes that plaintiff's allegations are sufficient to withstand a motion to dismiss. Plaintiff alleges that defendant tortiously interfered with its business expectancy when, in addition to the "frivolous" lawsuit filed, defendant "impliedly and/or overtly threaten[ed] reprisal against Sarah Bush should Sarah Bush contract with or provide work to Lamaster and/or R&B . . . ." (Doc. 33, ¶ 46). Further, plaintiff

6

alleges that such conduct was motivated solely by spite or ill will and that any contractual claims that defendant has tried to assert with respect to Lamaster's communications with Sarah Bush are without merit. As a result of defendant's conduct, R&B's business expectancy with Sarah Bush was disappointed. At this stage of the litigation, the Court finds that the alleged facts contained in the amended complaint sufficiently demonstrate that defendant intentionally and without justification interfered with plaintiff's business expectancy. Plaintiff has adequately pleaded the elements of tortious interference with business expectancy, and the facts alleged in the amended complaint are sufficient to withstand dismissal.

## IV. Conclusion

Accordingly, the Court **DENIES** defendant's motion to dismiss plaintiff's amended complaint pursuant to Federal Rule 12(b)(6) (Doc. 33).

**IT IS SO ORDERED.**

Signed this 5th day of February, 2013.

Digitally signed by
David R. Herndon
Date: 2013.02.05
14:39:27 -06'00'

**Chief Judge**
**United States District Court**