IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROSS & BARUZZINI, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Civil Case No.   12-cv-152-DRH-PMF |
| | ) |
| THE ESTOPINAL GROUP, LLC, ) | ) |
| f/k/a THE ESTOPINAL GROUP, INC., | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff's motion for sanctions (Doc. No. 40). Plaintiff seeks an adverse inference on summary judgment or an adverse inference jury instruction at trial, costs, fees, and other relief to punish the defendant for engaging in evidence spoliation. In particular, plaintiff claims that the defendant failed to preserve and produce documents that support Ross & Baruzzini, Inc.'s claim that The Estopinal Group tortiously interfered with Ross & Baruzzini, Inc.'s business expectancy and prospective business advantage with Sarah Bush Lincoln Health Systems. The motion is opposed (Doc. No. 43). A reply is on file (Doc. No. 45).[1]

To establish spoliation of evidence, Ross & Baruzzini, Inc., must show that The Estopinal Group, LLC, destroyed a document in bad faith – that is, for the purpose of hiding adverse information. *Faas v. Sears, Robuck & Co.*, 532 F.3d 633, 644 (7th Cir. 2008) (where a party intentionally destroys evidence in bad faith, the judge may instruct the jury to infer the evidence

---

[1] Exhibits submitted with the reply have not been considered for the reason that sur-reply briefs are prohibited. Hence, the defendant did not receive a fair opportunity to evaluate and address exhibits submitted with the reply. SDIL-LR 7.1(g).

1

contained incriminatory content). "The crucial element is not that the evidence was destroyed but rather the reason for the destruction." *Park v. City of Chicago*, 297 F.3d 606, 615 (7th Cir. 2002). Bad faith is a question of fact. *Mathis v. John Morden Buick, Inc.*, 136 F.3d 1153, 1155 (7th Cir. 1998). For purposes of this Report, the Court adopts the abbreviations used by the parties:

    Ross & Baruzzini, Inc. = R&B
    The Estopinal Group, LLC = TEG
    Sarah Bush Lincoln Health Systems = Sarah Bush
    Stan Lamaster = Lamaster
    Master Facility Plan = the Mattoon Project

TEG has a minimum 10-year document retention policy that is reasonably designed to protect information created for clients and for other more general business purposes. Pertinent information is stored long term and employees are prompted to manually delete other electronic information as storage capacity limits are approached or reached.

In September, 2011, Lamaster was the lead architect for phase one of the Mattoon Project. On September 28, 2011, Lamaster announced his resignation from TEG and left the Group two days later. During that two-day time interval, another TEG employee copied information stored on Lamaster's work computer to an external hard drive while another took over the role as lead architect.

At some point, Lamaster started working for R&B as Senior Project Manager - Architect. R&B had discussions with Sarah Bush regarding a proposal for the next phase of the Mattoon Project. Sarah Bush mistakenly sent some follow-up inquiries to TEG, expecting them to reach Lamaster.

Beginning in October, 2011, TEG employees were asked to look for documents, including electronic mail, and instructed to "set aside" or preserve information pertaining to Lamaster and/or

Sarah Bush. Those instructions were communicated to key TEG employees orally, and perhaps also by an email reminder. Searches were performed by a number of TEG employees. Searches were ongoing and relatively extensive, and included searches of the Lamaster's back-up file, searches of electronic employee mailboxes and electronic project folders, searches of employee folders, and searches of other data sources such as hard copies of documents physically maintained in storage rooms. Some searches appear to be prompted by TEG's discovery that Lamaster was working for R&B. Other searches were prompted by the possibility of employment litigation and some searches were in response to discovery requests served in litigation subsequently filed by TEG against Lamaster and this tort litigation by R&B against TEG.

Upon careful consideration of the information submitted, the Court is not persuaded that R&B has met its burden of proof. While TEG's document retention policies were not perfect (or perhaps not well understood), the policies functioned well enough to permit the parties to gather and exchange pertinent information during this litigation. Also, while employee searches for materials that might tend to prove the claims and defenses being litigated were perhaps too tightly focused, there is little to suggest that important documents were hidden or destroyed or that TEG's employees took any such actions with the requisite level of culpability. There is not enough here to permit a reasonable inference that TEG destroyed documents in bad faith. Sanctions are not warranted in these particular circumstances.

**IT IS RECOMMENDED** that R&B's motion for sanctions (Doc. No. 40) be DENIED.

**SUBMITTED:**   May 14, 2013   .

                                             s/Philip M. Frazier
                                             **PHILIP M. FRAZIER**
                                             **UNITED STATES MAGISTRATE JUDGE**